**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CHERYL PERRYMAN, | ) | No. 09-CV-0452-PHX-GMS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| LIFE TIME FITNESS, a Minnesota Company, doing business in the State of Arizona; et al., | ) | |
| Defendants. | ) | |

On March 6, 2009, pursuant to 28 U.S.C. § 1441, Defendant Life Time Fitness removed this action from the Superior Court of the State of Arizona to this Court. (Dkt. # 3.) The removal was premised upon the diversity of citizenship between Plaintiff and Defendant Life Time Fitness and an amount in controversy in excess of $75,000.00. Neither party disputes the fact that Plaintiff is a citizen of the State of Arizona and Defendant Life Time Fitness is a citizen of the State of Minnesota. The parties likewise do not dispute that the amount in controversy is satisfied.

On March 13, 2009, Plaintiff filed a Motion to Remand, arguing that complete diversity is lacking because potential defendants – managers employed by Life Time Fitness – are likely Arizona residents. (Dkt. # 9 at 2.) At this time, however, the potential defendants are unknown and are named only as Doe Defendants. Under 28 U.S.C. § 1441(a), "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall

1   be disregarded." In assessing diversity of citizenship, the court "only consider[s] the
2   domicile of the named defendants." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th
3   Cir. 1998). Therefore, because Defendant Life Time Fitness was the only named defendant
4   at the time of removal, and because there is no dispute that diversity exists between Plaintiff
5   and Defendant Life Time Fitness, removal was proper.

6        A plaintiff may seek to have a case remanded to the state court from which it was
7   removed if the district court lacks jurisdiction or if there is a defect in the removal procedure.
8   28 U.S.C. § 1447(c). The district court must remand the case if it appears before final
9   judgment that the court lacks subject matter jurisdiction. *Id.* Plaintiff argues that because
10  diversity will be destroyed after she joins the additional potential defendants, the Court
11  should remand the action now. (*See* Dkt. # 9 at 2-3.) Because diversity jurisdiction currently
12  exists, however, the Court has no basis on which to remand the action. Should Plaintiff elect
13  to challenge the Court's diversity jurisdiction at some point in the future, Plaintiff must first
14  file a motion to join the potential defendants that would destroy diversity.

15       "If after removal the plaintiff seeks to join additional defendants whose joinder would
16  destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand
17  the action to the State court." 28 U.S.C. § 1447(e). As the Ninth Circuit has noted, the
18  statute "is couched in permissive terms and it clearly gives the district court the discretion
19  to deny joinder." *Newcombe*, 157 F.3d at 691. In exercising its discretion, the Court may
20  consider:

21       (1) whether the would-be-defendants are necessary for just adjudication of the controversy, (2) whether the plaintiff still
22  could bring an action in state court against the putative defendants, (3) whether there has been any unexplained delay in
23  joinder, (4) whether it appears the plaintiff is seeking to destroy jurisdiction, (5) the apparent merit of the claims against the new
24  parties, and (6) whether the plaintiff would suffer prejudice without the joinder of the defendants.
25

26  *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006) (citations
27  omitted). Despite claiming that additional potential parties exist that would destroy the
28  Court's subject matter jurisdiction, Plaintiff has not filed a motion to join additional parties

1 and the Court therefore is unable to consider whether joinder and remand are proper. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Dkt. # 9) is **DENIED WITHOUT PREJUDICE**. Upon discovery of the identity of the additional potential defendants, Plaintiff may file a motion to join those parties and seek remand, if proper, at that time.

**DATED** this 24th day of March, 2009.

*G. Murray Snow*
United States District Judge