1  **WO**

2  NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CHERYL PERRYMAN, | ) | No. CV-09-0452-PHX-GMS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| LIFE TIME FITNESS, a Minnesota company, doing business in the State of Arizona et al., | ) | |
| Defendants. | ) | |

Pending before the Court is the Motion to Amend of Plaintiff Cheryl Perryman. (Dkt. ## 22, 25.) For the following reasons, the Court grants the motion.

On March 6, 2009, pursuant to 28 U.S.C. § 1441, Defendant Life Time Fitness removed this action from the Superior Court of the State of Arizona to this Court. (Dkt. # 3.) The removal was premised upon the diversity of citizenship among Plaintiff and Defendant Life Time Fitness and an amount in controversy in excess of $75,000. At the time the action was commenced, neither party apparently disputed that Plaintiff was a citizen of Arizona and that Defendant was a citizen of Minnesota. Indeed, in Defendant's Notice of Removal, Defendant alleges that "Plaintiff Cheryl Perryman is a citizen of the State of Arizona." (Dkt. # 3 ¶ 2.) The parties likewise did not dispute that the amount in controversy requirement was satisfied.

| 1 | On March 13, 2009, Plaintiff filed a Motion to Remand, arguing that complete
| 2 | diversity is lacking because potential defendants – managers employed by Life Time Fitness
| 3 | – were Arizona residents. (Dkt. # 9 at 2.) At that time, however, the potential defendants
| 4 | were unknown and were named only as Doe Defendants in Plaintiff's Complaint. The Court
| 5 | denied Plaintiff's motion because, at that time, complete diversity existed among the named
| 6 | parties. (Dkt. # 10.) Plaintiff now moves to amend her complaint pursuant to Federal Rule
| 7 | of Civil Procedure 15(a) to assert a negligence claim against John Hanley, a general manager
| 8 | of Life Time Fitness, who is apparently an Arizona resident. (Dkt. # 25.)

Federal Rule of Civil Procedure 15(a) states that leave to amend a complaint "shall be freely given when justice so requires." The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In deciding the motion to amend, the Court "must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quotation and citation omitted). "Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Id.* (quotation omitted). This liberality "is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The Court may, however, deny a motion to amend if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment. *See Foman*, 371 U.S. at 182. Generally, however, "this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "The party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

In its response brief, Defendant does not argue undue delay, bad faith, undue prejudice, or futility. Rather, Defendant only argues that John Hanley is not a necessary

party pursuant to Federal Rule of Civil Procedure 19(a). (Dkt. # 30 at 3-4.) The Court, however, need not determine whether Mr. Hanley is an indispensable party. Pursuant to Federal Rule of Civil Procedure 20(a)(2), Plaintiff may join multiple defendants in the same action if "any right to relief . . . aris[es] out of the same transaction [or] occurrence" and "any question of law or fact common to all defendants will arise in the action." Here, Plaintiff seeks to assert a negligence claim against both Mr. Hanley and Life Time Fitness arising out of an alleged treadmill incident occurring at one of Life Time Fitness's branches in which Plaintiff was injured. Because the negligence claims arise out of the same occurrence and share common questions of law and fact, Plaintiff need not rely on Rule 19 to join Mr. Hanley. Thus, Defendant provides no justification for denying the motion to amend.[1]

Defendant argues, however, that, should the motion to amend be granted, diversity would remain because Plaintiff, on July 13, 2009, stated that she is presently domiciled in Brentwood, California. (Dkt. # 30 at 3.) However, "[d]iversity jurisdiction is determined at the time the action commences." *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999). Here, it is unclear whether the joinder of Mr. Hanley destroys diversity

---

[1]"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). As the Ninth Circuit has noted, the statute "is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe*, 157 F.3d at 691. In exercising its discretion, the Court may consider:

> (1) whether the would-be defendants are necessary for just adjudication of the controversy, (2) whether the plaintiff still could bring an action in state court against the putative defendants, (3) whether there has been any unexplained delay in joinder, (4) whether it appears the plaintiff is seeking to destroy jurisdiction, (5) the apparent merit of the claims against the new parties, and (6) whether the plaintiff would suffer prejudice without the joinder of the defendants.

*Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006) (citations omitted). To the extent that the joinder of Mr. Hanley may destroy subject matter jurisdiction, the Court has reviewed these considerations and finds that the joinder of Mr. Hanley should be permitted.

1  jurisdiction. While the evidence suggests that Plaintiff moved to California before July 13,
2  2009, it does not indicate whether Plaintiff was a citizen of Arizona at the time the action was
3  filed, January 28, 2009. Similarly, while Plaintiff states that she resided in Arizona at the
4  time of the incident on January 29, 2007, this also does not resolve the issue. A district court
5  must remand a case if it appears before final judgment that the court lacks subject matter
6  jurisdiction. 28 U.S.C. § 1447(c). However, based upon the evidence and allegations,
7  Plaintiff's citizenship as of January 28, 2009, cannot be determined.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (Dkt. ## 22, 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed *not to* file the lodged Proposed Amended Complaint (Dkt. # 26.) Rather, Plaintiff is granted leave to file her amended complaint, but she must revise the caption to reflect the correct court in which the pleading is being filed. Plaintiff is directed to submit her pleading before **5:00 P.M.** on **September 2, 2009**.

**IT IS FURTHER ORDERED** that on or before **September 11, 2009**, the parties are directed to present, through declaration or otherwise, evidence relating to the citizenship of Plaintiff Cheryl Perryman as of January 28, 2009.

DATED this 27th day of August, 2009.

_G. Murray Snow_
United States District Judge