**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHERYL PERRYMAN,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE TIME FITNESS, INC.; *et al.*,<br><br>Defendants. | No. CV-09-0452-PHX-GMS<br><br>**ORDER** |

The instant civil action was removed from Maricopa County Superior Court on March 3, 2009. (Dkt. #3.) In their notice of removal, Defendants argue that this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(b). (*Id.*)

On March 13, 2009, Plaintiff filed a Motion to Remand, arguing that complete diversity is lacking because potential defendants—managers employed by Life Time Fitness—were Arizona residents. (Dkt. # 9 at 2.) At that time, however, the potential defendants were unknown and were named only as Doe Defendants in Plaintiff's Complaint. Because, at that time, complete diversity existed among the named parties, the Court denied Plaintiff's motion. (Dkt. # 10.) Plaintiff then moved to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a) to assert a negligence claim against John Hanley, a general manager of Life Time Fitness, who is apparently an Arizona resident. (Dkt. # 25.) After this Court granted Plaintiff's Motion to Amend (Dkt. # 32), Plaintiff filed an amended complaint naming Mr. Hanley as a defendant in this action (Dkt. # 33).

On October 22, 2009, Plaintiff renewed her Motion to Remand, arguing that because she and Mr. Hanley are both Arizona residents, the Court is now without jurisdiction to hear this case. In their timely response, Defendants moved to dismiss Mr. Hanley from this case. As of December 2, 2009, Plaintiff has failed to file an answering memorandum to Defendants' Motion to Dismiss. Plaintiff has not filed a reply to Defendants' response, nor has she filed a responsive memorandum to the Motion to Dismiss. When Defendants filed their Motion, Local Rule 7.2(c) provided that "[t]he opposing party shall . . . have ten (10) days after service in a civil or criminal case within which to serve and file a responsive memorandum" to a Motion to Dismiss.[1] Therefore, as of December 8, 2009, Plaintiff has not filed a timely answering memoranda to the Motion Dismiss, nor has she sought extensions of time to do so. Under the Local Rules, Plaintiff's failure "may be deemed a consent to the denial or granting of the motion[.]" *See* LRCiv. 7.2(I). In the instant case, summary dismissal of Mr. Hanley from this case could defeat Plaintiff's Motion to Remand.

**IT IS THEREFORE ORDERED** that Plaintiff shall file and serve an answering memorandum to Defendants' Motion to Dismiss before **5:00 p.m. on December 18, 2009**. Should Plaintiff fail to comply, the Court may deem Plaintiff's failure to oppose the Motion as a waiver, and may grant the Motion on that basis.

DATED this 8th day of December, 2009.

_____
G. Murray Snow
United States District Judge

---

[1] On December 1, 2009, Local Rule 7.2(c) was amended to allow fourteen (14) days to respond to a 12(b)(6) motion. *See* LRCiv. 7.2(c).