1 **WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHERYL PERRYMAN, | No. CV-09-452-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| LIFE TIME FITNESS, INC.; *et al.*, | |
| Defendants. | |

Pending before the Court are the Motion to Remand (Dkt. # 38) filed by Plaintiff Cheryl Perryman ("Plaintiff") and Defendants' Motion to Dismiss Party John Hanley (Dkt. # 39). For the following reasons, the Court denies the Motion to Dismiss and Grants the Motion to Remand.

**BACKGROUND**

The instant case is a negligence action arising from Plaintiff's use of exercise facilities at a Life Time Fitness exercise center located in Goodyear, Arizona. In her Amended Complaint, Plaintiff alleges that Defendants Life Time Fitness ("Life Time") and John Hanley ("Mr. Hanley"), the general manager of the Goodyear exercise center, acted negligently in allowing exercise equipment to operate while unattended. (Dkt. # 34 at ¶ 10.) Plaintiff further alleges that she was injured on January 29, 2007, as a result of a slip and fall that occurred on the unattended exercise equipment. (*Id.* at ¶ 13.) Pursuant to 28 U.S.C. §§

1332, 1441(b), the case was removed from Maricopa County Superior Court on March 3, 2009. (Dkt. #3.)

On March 13, 2009, before Mr. Hanley was joined in this action, Plaintiff filed a Motion to Remand, arguing that complete diversity is lacking in this case because potential defendants—managers employed by Life Time—were Arizona residents. (Dkt. # 9 at 2.) At that time, however, the potential defendants were unknown and were named only as Doe Defendants in Plaintiff's Complaint. Because, complete diversity existed among the named parties at the time of Plaintiff's motion, the Court denied the motion to remand. (Dkt. # 10.) Plaintiff then moved to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a) to assert a negligence claim against Mr. Hanley, who is an Arizona resident. (Dkt. # 25.) After this Court granted Plaintiff's Motion to Amend (Dkt. # 32), Plaintiff filed an amended complaint naming Mr. Hanley as a Defendant in this action (Dkt. # 33).

On October 22, 2009, Plaintiff renewed her Motion to Remand (Dkt. # 38), arguing that because she and Mr. Hanley are both Arizona residents, the Court is now without jurisdiction to hear this case. In their timely response, Defendants Lifetime Fitness and Mr. Hanley (collectively "Defendants") moved to dismiss Mr. Hanley from this case (Dkt. # 39). Defendants argue that Mr. Hanley was improperly joined under 28 U.S.C. § 1447(e).

## DISCUSSION

### I. Defendants' Motion to Dismiss Party John Hanley Is Denied.

The Court did not effect a misjoinder by allowing Plaintiff to join Mr. Hanley. (Dkt. # 39 at 4.) In their Motion to Dismiss, Defendants contest that Mr. Hanley should be dismissed because joinder of Mr. Hanley was improper under 28 U.S.C. § 1447(e). (*Id*) A proper reading of the Court's previous order, however, demonstrates that the Court has already addressed this question and determined that joinder was proper.

When a plaintiff seeks to join a non diverse defendant to an action removed on the basis of diversity jurisdiction, joinder is governed by 28 U.S.C. § 1447(e). That section provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and

remand the action to the state court." 28 U.S.C. § 1447(e). As the Ninth Circuit has observed, the decision to permit joinder of a defendant that destroys diversity jurisdiction is left to the sound discretion of the Court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) is couched in permissive terms and clearly gives the district court the discretion to deny joinder."). In exercising this discretion, the Court considers the following six factors:

> (1) whether the would-be defendants are necessary for just adjudication of the controversy, (2) whether the plaintiff still could bring an action in state court against the putative defendants, (3) whether there has been any unexplained delay in joinder, (4) whether it appears the plaintiff is seeking to destroy diversity, (5) the apparent merit of the claims against the new parties, and (6) whether plaintiff would suffer prejudice without the joinder of the defendants.

*Bonner v. Fuji Photo Film*, 461 F. Supp.2d 1112, 1120 (N.D. Cal. 2006) (citation omitted); *see also Ansley v. Metro Life Ins. Co.*, 215 F.R.D. 575, 579–80 (D. Ariz. 2003).

In the instant case, the Court has already determined that joinder of Mr. Hanley was appropriate under § 1447(e). In its August 27, 2008 Order, the Court specifically observed that § 1447(e)'s factors weigh in favor of joinder:

> To the extent that the joinder of Mr. Hanley may destroy subject matter jurisdiction, the Court has reviewed [§ 1447(e)'s] considerations and finds that the joinder of Mr. Hanley should be permitted.

(Dkt. # 32 at 3 n.1.) Accordingly, the Court has already rejected the argument that Defendants now raise in their Motion to Dismiss. *See Agostini v. Felton*, 521 U.S. 203, 206 (1997) ("Under [the law of the case] doctrine, a court should not reopen issues decided in earlier stages of the same litigation."). Moreover, to the extent that Defendants indicate that the Court should have reserved judgement and afforded the parties an additional opportunity to brief this issue, the Court disagrees. When Plaintiff moved to amend her complaint and add Mr. Hanley, Defendants were aware that joinder of Mr. Hanley would likely impact the Court's jurisdiction over this case. In their Notice of Removal, Defendants acknowledged that Plaintiff appeared to be an Arizona resident when she filed the complaint in state court. (*See* Dkt. # 1.) Defendants were also aware that Mr. Hanley was an Arizona resident when

they filed their response to the motion to join Mr. Hanley. (*See* Dkt. # 30 at 3.) Thus, while Defendants now argue that joinder was inappropriate under § 1447(e), Defendant should have raised these arguments in response to Plaintiff's original motion to amend. Defendants arguments, therefore, are waived. Yet, even upon reexamination of these factors, the Court again finds that joinder of Mr. Hanley was appropriate.

### 1. Just Adjudication of the Controversy

The Court first considers whether Mr. Hanley is "necessary for just adjudication of the controversy." *Bonner*, 461 F. Supp. at 1119–20. Under Federal Rule of Civil Procedure Rule 19(a), a necessary party is a person "having an interest in the controversy, and who ought to be made [a party], in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (citation and internal quotations omitted). But, while a court considers "whether a party sought to be joined after removal would meet the standard for a necessary party, amendment under section 1447(e) is a less restrictive standard than for joinder under Rule 19(a)." *Falcon v. Scottsdale Ins. Co.*, 2006 WL 2434227 at *2 (E.D. Wash. Aug. 21, 2006) (citing *IBC Aviation Servs. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp.2d 1008, 1012 (N.D. Cal. 2000)); *see also Mayes v. Rapoport*, 198 F.3d. 457, 462 (9th Cir. 1999) (holding that Rule 19(a) does not control the issue of joinder of a diversity-destroying defendant because under § 1447(e) the decision to permit joinder is left to the discretion of the district court). Hence, even when a party would not be necessary under Rule 19(a), a court may still find that joinder is appropriate for the just adjudication of the controversy if there is a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action. *Falcon* 2006 WL 2434227 at *2; *see also Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1373–74, 1376 (9th Cir.1980) (permitting joinder of an insurer who denied the existence of an insurance contract, so that plaintiff could pursue counts of fraud or negligent misrepresentation).

In this case, Mr. Hanley is alleged to be significantly involved in the occurrence giving rise to Plaintiff's claims. The Amended Complaint indicates that Mr. Hanley is not "simply tangentially related to Plaintiff's causes of action." *See Falcon*, 2006 WL 2434227 at *2 (finding the just adjudication factor to weigh in favor of joinder when a non diverse defendant's involvement is more than tangential). Plaintiff alleges that Mr. Hanley was one of the managers who allowed the exercise equipment at issue to operate unattended. Accordingly, even though Mr. Hanley does not appear to be a necessary party under Rule 19(a), the Court concludes this factor does not weigh against permitting his joinder.

### 2. Statute of Limitations/Parallel Action

Next, the Court must determine whether the Plaintiff would still be able "to bring an action in state court against the putative defendant." *See Bonner*, 461 F. Supp.2d at 1119–20. With respect to this factor, Plaintiff does not argue that a new action against Mr. Hanley in state court would be time-barred under Arizona law. Thus, because Plaintiff may still be able to bring her claim against Mr. Hanley in state court, this factor does not weigh in favor of joinder. *See Clinco v. Roberts*, 41 F. Supp.2d 1080, 1083; *Boon v. Allstate Ins. Co.*, 229 F. Supp.2d 1016, 1023 (C.D. Cal. 2002); *but see IBC Aviation Servs.*, 125 F. Supp.2d at 1012 (permitting joinder of non diverse defendants under section 1447(e) even though a separate action would not have been time-barred as requiring a plaintiff to litigate the same issues in two forums would be a waste of judicial resources and risks inconsistent results).

### 3. Timeliness

The Court must next determine whether Plaintiff's joinder was attempted in a timely fashion. *See IBC Aviation Servs.*, 125 F. Supp.2d at 1012. In the instant matter, Plaintiff filed her first motion to remand just a week after the Notice of Removal, arguing that the manager of the exercise center where she sustained her injuries was an Arizona resident. (Dkt. # 9.) In denying the motion to remand without prejudice, as the manager was not specifically named and identified in the Complaint, the Court noted, "Upon discovery of the identity of the additional potential defendants, Plaintiff may file a motion to join those parties and seek remand, if proper at that time." (Dkt. # 10 at 2.) Shortly thereafter, Plaintiff identified Mr.

Hanley, and filed her motion to amend. (Dkt. # 22.) Because Plaintiff acted in compliance with the Court's Order, the Court finds that Plaintiff acted in a timely fashion and did not unreasonably delay in filing her Amended Complaint. *See e.g., Clinco*, 41 F. Supp.2d at 1083 (C.D. Cal. 1999) (finding that an amendment less then six weeks after removal was reasonable). Thus, the Court holds that the timing of Plaintiff's Amended Complaint weighs in favor of permitting Mr. Hanley's joinder.

### 4. Plaintiff's Motive for Joinder

Next, because the presence of Mr. Hanley will defeat the Court's diversity jurisdiction, the Court must "look with particular care" at Plaintiff's motive for seeking joinder. *Desert Empire Bank*, 623 F.2d at 1376; *see also Bonner*, 461 F. Supp.2d at 1119–20. Although Defendants contend that Plaintiff seeks to join Mr. Hanley simply to destroy diversity, they point merely to the timing of Plaintiff's motion to amend to suggest that Plaintiff had an improper motive in filing her Amended Complaint. (*See* Dkt. # 39 at 3.) The Court, however, "declines to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal." *See Falcon*, 2006 WL 2434227 at *3 (citing *IBC Aviation Servs.*, 125 F. Supp.2d at 1012.) In light of Plaintiff's allegations, the Court finds Plaintiff's desire to join Mr. Hanley as a Defendants to be reasonable and justified since he may be directly responsible for the negligent conduct at issue. Accordingly, this factor does not weight against joinder under § 1447(e).

### 5. Validity of Claims

Next, the Court must determine the "apparent merit of the claims against" Mr. Hanley. *See Bonner*, 461 F. Supp. at 1119–20. Here, the Court finds, and Defendants does not argue otherwise, that Plaintiff may have valid claims against Mr. Hanley. Indeed, these claims on their face indicate that Mr. Hanley may be directly involved in the alleged negligence asserted against Life Time. Thus, this factor weighs in favor of permitting joinder of the non diverse Defendant.

/ / /

/ / /

### 6. Possible Prejudice

Finally, the Court must consider whether Plaintiff would suffer prejudice without joining Mr. Hanley. *See Bonner*, 461 F. Supp.2d at 1119–20. With respect to this final factor, preventing Plaintiff from joining Mr. Hanely "would require Plaintiff to choose between pursuing a parallel action in state court involving redundant litigation arising out of the same facts and legal issues, or foregoing her potential claims" against Mr. Hanley. *See Falcon*, 2006 WL 2434227 at *4. Requiring Plaintiff to litigate the same issues in two forums would also be a waste of judicial resources and risks inconsistent results. *See id.* Thus, since Plaintiff would likely be prejudiced, this factor also weighs in favor of permitting joinder.

### 7. Summary of § 1447(e) Factors

Thus, the Court finds that the joinder is appropriate under § 1447(e). Here, the Court finds that Mr. Hanley is not merely tangentially related to Plaintiff's claims, that joinder preserves scarce judicial resources, and that joinder of Mr. Hanley reduces the risk of inconsistent results. In addition, the Court finds that Plaintiff did not unreasonably delay in seeking to file its Amended Complaint, that the claims against Mr. Hanley appear valid on their face, and that failure to join Mr. Hanley would prejudice the Plaintiff.

## II. Plaintiff's Motion to Remand is Granted.

Having determined that joinder of Mr. Hanley was appropriate under § 1447(e), the Court grants Plaintiff's Motion to Remand. Here, the Courts decision is guided by 28 U.S.C. § 1447, which provides, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Courts are to strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Mesa Indus., Inc. v. Eaglebrook Prods., Inc.*, 980 F. Supp. 323, 324 (D. Ariz. 1997). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added); *see Mesa Indus.*, 980 F. Supp. at 324. "The 'strong presumption' against removal jurisdiction means that the defendant always has

1  the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) ("[T]he party asserting diversity jurisdiction bears the burden of proof."); *see also Mesa Indus.*, 980 F. Supp. at 324.

Here, it is undisputed that Plaintiff was an Arizona resident when she filed her claim. It is also undisputed that Mr. Hanley is an Arizona resident. Because there is a lack of complete diversity as required for removal of the instant case under 28 U.S.C. § 1332, the Court remands this cause of action to Maricopa County Superior Court.

**IT IS THEREFORE ORDERED**:

(1) Defendants' Motion to Dismiss Mr. Hanley is **DENIED** (Dkt. # 39);

(2) Plaintiff's Motion to Remand is **GRANTED** (Dkt. # 38); and

(3) The Clerk of the Court is directed to **REMAND** this action back to Maricopa County Superior Court.

DATED this 22nd day of December, 2009.

G. Murray Snow
United States District Judge